# EXHIBIT A

Filed: 12/19/2019 1:08 PM
Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 39393529

366-07073-2019

Cause No. _____

| | | |
|---|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | ___ JUDICIAL DISTRICT |
| EVEREST NATIONAL INSURANCE COMPANY & ZURICH AMERICAN INSURANCE COMPANY | § § § § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## THE CHARTER OAK FIRE INSURANCE COMPANY'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

The Charter Oak Fire Insurance Company ("Charter Oak" or "Plaintiff") files its Original Petition for Declaratory Judgment and Damages against Everest National Insurance Company ("Everest") and Zurich American Insurance Company ("Zurich") and would respectfully show the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Charter Oak intends to conduct discovery in this action under Level 2.

### II.

### NATURE OF THE ACTION

2.      Charter Oak seeks a declaratory judgment, pursuant to Chapter 37, Tex. Civ. Prac. & Rem. Code,  that Everest and/or Zurich, under their respective applicable insurance policies, have a primary duty to defend and indemnify Charter Oak's insured Zayo Group, LLC ("Zayo") in the underlying lawsuit *City of Anna, Texas v. Zayo Group, LLC, Henkels & McCoy, Inc. and*

*Sadler Boring LLC,* Cause No. 366-05638-2018, pending in the 366th District Court in Collin County, TX (the "Underlying Lawsuit") and also to recover amounts Plaintiff has expended in the defense of Zayo in the Underlying Lawsuit. This suit seeks relief as authorized by §37.004, Tex. Civ. Prac. & Rem. Code.

## III.

## THE PARTIES

3.      Plaintiff The Charter Oak Insurance Company is a corporation organized under the laws of the state of Connecticut with its principal place of business in Hartford, Connecticut.

4.      On information and belief, Defendant Everest National Insurance Company is an insurer doing business in Texas and may be served with process by serving registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218. Plaintiff requests issuance and service of citation on this Party.

5.      On information and belief, Defendant Zurich American Insurance Company is an insurer doing business in Texas and may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218. Plaintiff requests issuance and service of citation on this Party.

## IV.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the Defendants because Defendants are subject to in *personam* jurisdiction in the state by virtue of their continuous and systematic business activities in the state of Texas including marketing, sales and issuance of insurance policies to Texas citizens and entities, including the entities identified below.  Plaintiff seeks damages within the jurisdictional limit of this court.

7.     Venue is proper in Collin County pursuant to Texas Civil Practice & Remedies Code Section 15.002(a)(1) because a substantial part of the events or omissions giving rise to Charter Oak's request for declaratory judgment took place in Collin, Texas.  Specifically, the Underlying Lawsuit is pending in Collin County, Texas.

8.     **RULE 47, TEX. R. CIV. P. STATEMENT** – Plaintiff seeks monetary relief of $100,000.00 or less, and non-monetary relief.

## V.

### FACTUAL BACKGROUND

9.     Charter Oak brings this Complaint against The Everest Insurance Company ("Everest") and Zurich American Insurance Company ("Zurich") seeking a declaratory judgment that Charter Oak's insured, Zayo, is entitled to a defense and indemnity from Everest and/or Zurich, and that Charter Oak is entitled to full reimbursement for all defense costs paid in the defense of the Underlying Lawsuit brought against Zayo pending in the 366th District Court in Collin County, Texas, Case No. 366-05638-2018.

10.    Zayo entered into a Master Construction Service Agreement (the "MCS Agreement") with Henkels & McCoy, Inc. ("HMI") for installation of fiber optic network systems.  The MCS Agreement required HMI to carry commercial general liability insurance naming Zayo as an additional insured on a primary noncontributory basis.

11.    Zurich issued Commercial General Liability Policy No. GLO 3866570-11 (the "Zurich Policy") to HMI.  The Zurich Policy was effective from 10/1/2016 to 10/1/2017.

12.    The Zurich Policy includes endorsement form U-GL-1321-E CW (10/13) titled Broad Form Additional Insured Coverage – Owners, Lessees or Contractors – Scheduled Person or Organization, which provides in relevant part as follows:

This endorsement modifies insurance provided under the:

**Commercial General Liability Coverage Part**

| Name Of Additional Insured Person(s) Or Organization(s): | Location And Description Of Covered Operations |
|---|---|
| ANY PERSON OR ORGANIZATION TO WHOM OR TO WHICH YOU ARE REQUIRED TO PROVIDE ADDITIONAL INSURED STATUS IN A WRITTEN CONTRACT OR WRITTEN AGREEMENT EXECUTED PRIOR TO LOSS, EXCEPT WHERE SUCH CONTRACT OR AGREEMENT IS PROHIBITED BY LAW. | |

**A.** Section **II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule of this endorsement.

**B.** The insurance provided to the additional insured shown in the Schedule of this endorsement applies only to "bodily injury", "property damage" or "personal and advertising injury" covered under Section **I – Coverage A – Bodily Injury And Property Damage Liability** and Section **I – Coverage B – Personal And Advertising Injury Liability**, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused:

   **1.** In whole or in part by your acts or omissions or the acts omissions of those acting on your behalf; or

   \* \* \*

   and resulting from:
      **a.** Your ongoing operations; or  . . .

13.     HMI entered into a Master Subcontract Agreement (the "MSA") with Sadler Boring, LLC ("Sadler") to perform work required under the MCS Agreement.  The MSA required Sadler to carry commercial general liability insurance naming both HMI and Zayo as additional insureds on a primary noncontributory basis.

14.     Everest issued Commercial General Liability Policy No. CF4GL00786161 (the "Everest Policy") to Sadler.  The Everest Policy was effective from 7/9/2016 to 7/9/2017.

15.     The Everest Policy includes endorsement form CG 20 33 04 13 titled "ADDITIONAL INSURED --OWNERS, LESSEES OR CONTRACTORS --AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU," which provides in relevant part as follows:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A. Section II — Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

16.     On or about October 26, 2018, the City of Anna, Texas (the "City") filed the Underlying Lawsuit against Zayo, HMI and Sadler.  The Plaintiff's Original Petition in the Underlying Lawsuit alleges that on or about January 7, 2017, the City discovered that a 12-inch water line was leaking due to damage caused by horizontal drilling equipment used by Zayo's contractors and/or subcontractors.

17.    The Petition in the Underlying Lawsuit asserts claims against Zayo based, in part on its alleged acceptance of liability for its up-stream contractors and subcontractors, HMI and Sadler.

18.    Because the Underlying Lawsuit alleges that the City's property damage was caused, at least in part, by the acts or omissions of HMI or someone acting on its behalf, in the performance of its ongoing operations for Zayo, Zayo is an additional insured as defined by Zurich Policy and is entitled to a defense in the Underlying Lawsuit, as well as indemnity against any judgment rendered.

19.    Zayo, through its defense counsel tendered the Underlying Lawsuit to Zurich requesting that Zurich provide a defense to Zayo as an additional insured under the Zurich Policy.

20.    Zurich has failed and refused to provide a defense to Zayo as an additional insured.

21.    Because the Underlying Lawsuit alleges that the City's property damage was caused, at least in part, by the acts or omissions of Sadler, in the performance of its ongoing operations for Zayo, Zayo is an insured as defined by Everest Policy and is entitled to a defense, and indemnity against any judgment rendered, in the Underlying Lawsuit.

22.    Zayo, through its defense counsel tendered the defense of the Underlying Lawsuit to Everest requesting that Everest provide a defense to Zayo as an insured under the Everest Policy.

23.    Everest has failed and refused to provide a defense to Zayo as an additional insured.

24.    Charter Oak issued a liability policy H-660-9B867518-COF-16 (the "Charter Oaks Policy") to Zayo for the policy period August 1, 2016 to August 1, 2017.  The Charter Oaks Policy contains the following pertinent provision:

**b. Excess Insurance**
This insurance is excess over:
\* \* \*
**(2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

25.    Thus, with respect to claims within the scope of coverage of the Everest Policy, the Zurich Policy and the Charter Oak Policy, the Charter Oak Policy is excess to both the Everest Policy and the Zurich Policy.

26.    Charter Oak, has paid the defense costs and attorney's fees incurred to date in excess of $35,000 in the defense of Zayo and is subrogated to Zayo's rights under the Everest Policy and the Zurich Policy and is entitled to full reimbursement for all defense costs paid in this case, and it is further entitled to reimbursement for any indemnity that may be paid by Charter Oak on behalf of Zayo.

## VI.

### CAUSES OF ACTION

27.    Charter Oak seeks a declaratory judgment under Texas Civil Practice & Remedies Code Chapter 37 that Everest and/or Zurich owe Zayo a defense in the Underlying Lawsuit and owes reimbursement to Charter Oak for the attorneys' fees and defense expenses incurred in providing a defense to Zayo in the Underlying Lawsuit.

28.    Everest and Zurich issued liability insurance policies that provide coverage to Zayo for the acts complained of in the Underlying Lawsuit.

29.    Under the Everest policy, Everest is obligated to provide a defense and indemnity to Zayo as an insured for any liability arising out the Underlying Lawsuit.

30.    Under the Zurich policy, Zurich is obligated to provide a defense and indemnity to Zayo as an insured for any liability arising out the Underlying Lawsuit.  Everest and Zurich have breached their contractual obligations to Zayo.

31.    Everest's and Zurich's failure and refusal to defend Zayo in the Underlying Lawsuit is a breach of their contractual obligations to Zayo.  As Zayo's excess insurer, which has paid and continues to pay the costs of Zayo defense in the Underlying Lawsuit, Charter Oak is subrogated to Zayo's rights against Everest and Zurich for breach of contract and entitled to recover actual damages for Everest's breach, in addition to the requested declaratory relief.

### VII.

### PRAYER

32.    For these reasons, Plaintiffs ask that Defendants be cited to appear and answer and that the Court award, and Charter Oak prays for, the following relief:

    a.  a declaration that Everest fully owes a defense and indemnity to Charter Oak's insured Zayo under the Everest Policy and owes full reimbursement to Charter Oak for all defense costs paid, or to be paid, by or on behalf of Zayo.

    b.  a declaration that Zurich fully owes a defense and indemnity to Charter Oak's insured Zayo under the Zurich Policy and owes full reimbursement to Charter Oak for all defense costs paid, or to be paid, by or on behalf of Zayo

    c.  a judgment for its actual damages,

d.   attorneys' fees and costs incurred in prosecution of this action, and

e.   all other relief to which Charter Oak is entitled

Respectfully Submitted,

AYIK & ASSOCIATES

/s/ Wesley W. Chambers
WESLEY W. CHAMBERS
Texas Bar No. 04083500
1301 E. Collins Blvd., Suite 490
Richardson, TX  75081
Direct Telephone:  214-570-6288
Telephone: 214-570-6300
Facsimile: 214-570-6262
Email: wwchambe@travelers.com

ATTORNEYS FOR PLAINTIFF, THE
CHARTER OAK INS. CO.



**null / ALL**
**Transmittal Number: 20884394**
**Date Processed: 12/26/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arnold D'Angelo<br>Zurich North America<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056 |
| **Electronic copy provided to:** | Vicky Russell |

| | |
|---|---|
| **Entity:** | Zurich American Insurance Company<br>Entity ID Number  2746725 |
| **Entity Served:** | Zurich American Insurance Company |
| **Title of Action:** | The Charter Oak Fire Insurance Company vs. Everest National Insurance Company |
| **Matter Name/ID:** | The Charter Oak Fire Insurance Company vs. Everest National Insurance Company (9881598) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Collin County District Court, TX |
| **Case/Reference No:** | 366-07073-2019 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/24/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Wesley W. Chambers<br>214-570-6300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CITATION BY MAILING
THE STATE OF TEXAS
366-07073-2019

The Charter Oak Fire Insurance Company vs. Everest
National Insurance Company & Zurich American
Insurance Company

366th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration
of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Zurich American Insurance Company
Registered Agent Corporation Service Company
211 E 7th St
Suite 620
Austin TX 78701, Defendant

You are commanded to appear by filing a written answer to **The Charter Oak Fire Insurance Company's Original
Petition for Declaratory Judgment and Damages** at or before ten o'clock A.M. on the Monday next after the
expiration of twenty days after the date of service of this citation before the 366th District Court of Collin County,
Texas at the Courthouse of said County in McKinney, Texas.
Said Plaintiff's Petition was filed in said court, by Wesley W Chambers 1301 E Collins Blvd Suite 490 Richardson
TX 75081 (Attorney for Plaintiff or Plaintiffs), on the 19th day of December, 2019.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 19th day of December,
2019.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460, ext. 4320

By: _____, Deputy
Rosanne Munoz

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions
you have should be directed to an attorney.



# Notice of Service of Process

null / ALL
**Transmittal Number: 20893032**
**Date Processed: 12/27/2019**

| | |
|---|---|
| **Primary Contact:** | Sanjoy Mukherjee<br>Everest Re Group, Ltd.<br>477 Martinsville Rd<br>Liberty Corner, NJ 07938-0830 |
| **Electronic copy provided to:** | Harmony Oppenheimer<br>Justine Kruithof |

| | |
|---|---|
| **Entity:** | Everest National Insurance Company<br>Entity ID Number  3856476 |
| **Entity Served:** | Everest National Insurance Company |
| **Title of Action:** | The Charter Oak Fire Insurance Company vs. Everest National Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Collin County District Court, TX |
| **Case/Reference No:** | 366-07073-2019 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/24/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Wesley W. Chambers<br>214-570-6300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CITATION BY MAILING
THE STATE OF TEXAS
366-07073-2019

The Charter Oak Fire Insurance Company vs. Everest                              366th District Court
National Insurance Company & Zurich American
Insurance Company

                                                                                Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration
of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Everest National Insurance Company
Registered Agent Corporation Service Company
211 E 7th St
Suite 620
Austin TX  78701, Defendant

You are commanded to appear by filing a written answer to **The Charter Oak Fire Insurance Company's Original
Petition for Declaratory Judgment and Damages** at or before ten o'clock A.M. on the Monday next after the
expiration of twenty days after the date of service of this citation before the 366th District Court of Collin County,
Texas at the Courthouse of said County in McKinney, Texas.
Said Plaintiff's Petition was filed in said court, by Wesley W Chambers  1301 E Collins Blvd Suite 490  Richardson
TX 75081 (Attorney for Plaintiff or Plaintiffs), on the 19th day of December, 2019.

            Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 19th day of December,
2019.

                                                                ATTEST: Lynne Finley, District Clerk
                                                                         Collin County, Texas
                                                                      Collin County Courthouse
                                                                         2100 Bloomdale Road
                                                                       McKinney, Texas 75071
                                                            972-548-4320, Metro 972-424-1460, ext. 4320

                                                    By: _____ , Deputy
                                                                         Rosanne Munoz

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions
you have should be directed to an attorney.

Lynne Finley
District Clerk
Collin County, Texas
By Claudia Gomez Deputy
Envelope ID: 40063129

Cause No. 366-07073-2019

| | | |
|---|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| v. | § § | COLLIN COUNTY, TEXAS |
| EVEREST NATIONAL INSURANCE COMPANY AND ZURICH AMERICAN INSURANCE COMPANY, | § § § § | |
| Defendants | § § | 366th JUDICIAL DISTRICT |

## DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant Zurich American Insurance Company ("Zurich") files its Original Answer to Plaintiff's Original Petition for Declaratory Judgment and Damages and would respectfully show the Court as follows:

### I.   GENERAL DENIAL

1. As is its right pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Zurich generally denies each and every allegation of Plaintiffs' Verified Original Petition and demands strict proof thereof.

### II.   RIGHT TO AMEND

2. Defendant Zurich reserves the right amend its answer in accordance with the Texas Rules of Civil Procedure.

### PRAYER

For these reasons, Defendant Zurich American Insurance Company prays that the Plaintiff The Charter Oak Fire Insurance Company take nothing by its suit, and that

Defendant Zurich recover its attorney's fees and costs together with such other and further relief to which it may be justly entitled.

Respectfully submitted,

_____/s/ Blair Dancy_____
Blair Dancy
State Bar No. 24001235
bdancy@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

**ATTORNEYS FOR DEFENDANT
ZURICH AMERICAN INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 17th day of January 2020, as follows:

| Method of Service | Party(ies) | Counsel |
|---|---|---|
| *Electronic service* | Plaintiff | Wesley W. Chambers<br>AYIK & ASSOCIATES<br>1301 E. Collins Blvd., Suite 490<br>Richardson, Texas 75081<br>wwchambe@travelers.com |

_____/s/ Blair Dancy_____
Blair Dancy

Filed: 12/26/2019 10:27 AM
Lynne Finley
District Clerk
Collin County, Texas
By Claudia Gomez Deputy
Envelope ID: 40119900

CAUSE NO. 366-07073-2019

| | | |
|---|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| v. | § § | COLLIN COUNTY, TEXAS |
| EVEREST NATIONAL INSURANCE COMPANY & ZURICH AMERICAN INSURANCE COMPANY, | § § § § | |
| *Defendants.* | § | 366TH JUDICIAL DISTRICT |

### DEFENDANT EVEREST NATIONAL INSURANCE COMPANY'S
### ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Everest National Insurance Company ("Everest") files this Original Answer and Affirmative Defenses to Plaintiff's Original Petition and respectfully shows the Court as follows:

## I.    GENERAL DENIAL

1.    Everest generally denies the allegations in Plaintiff's Original Petition and any amendment thereto, as authorized by Texas Rule of Civil Procedure 92. By this general denial, Everest respectfully requests that the Court and Jury require Plaintiff to proves its claims, charges, and allegation by a preponderance of the evidence, as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.

## II.    AFFIRMATIVE DEFENSES

2.    Plaintiff's claims against Everest are subject to all of the terms, conditions, and limitations contained in the Everest Commercial General Liability Policy No. CF4GL00786-161 issued to Sadler Boring, LLC ("Sadler"), effective July 9, 2016 to July 9, 2017 (the "Everest Policy"). The Everest Policy contains terms, conditions, and limitations which preclude and/or limit Plaintiff's recovery against Everest in this action, including but not limited to the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \*

Throughout the policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy . . .

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

\* \* \* \* \*

## ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations ***when you and such person or organization have agreed in writing in a contract or agreement*** that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for . . . "property damage" . . . caused, in whole or in part, by:[1]

    **1.** Your acts or omissions; or

    **2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

    **1.** "Bodily injury", "property damage" . . . arising out of the rendering of, or the failure to render . . . surveying services, including:

---

[1] Emphasis in italics added.

    **a.**  The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications . . .

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the . . . "property damage" . . . involved the rendering of or the failure to render any . . . surveying services.

* * * * *

**ADDITIONAL INSURED – OWNERS, LESSEES OR
CONTRACTORS – COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

| Name of Additional Insured Person(s) Or Organization(s) | Location And Description of Completed Operations |
| --- | --- |
| ANY PERSON OR ORGANIZATION THAT ENTERED INTO A WRITTEN CONTRACT *WITH THE NAMED INSURED* REQUIRING SUCH PERON(S) OR ORGANIZATION(S) TO BE NAMED AS AN ADDITIONAL INSURED.[2] | ANY LOCATION FOR WHICH THE NAMED INSURED'S WORK WAS PERFORMED FOR SUCH PERSON(S) OR ORGANIZATION(S) FOR ANY COMPLETED OPERATIONS. |

   **A.**  **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for . . . "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard."

Here, Plaintiff claims that its insured, Zayo Group, LLC ("Zayo"), qualifies as an additional

insured under the Everest Policy, such that Everest must defend and indemnify Zayo from a lawsuit

filed against Zayo in Cause No. 366-05638-2018, *City of Anna, Texas v. Zayo Group, LLC,*

---

[2] Emphasis in italics added.

*Henkels & McCoy, Inc. and Sadler Boring LLC*, in the 366th District Court of Collin County (the "Underlying Lawsuit"). However, the Everest Policy conditions additional insured status on the Named Insured entering into a written contract ***with the additional insured***. The plaintiff in the Underlying Lawsuit, the City of Anna (the "City"), does not allege that Zayo entered into a written contract with Everest's Named Insured, Sadler. Rather, the City alleges in its operative petition that Zayo entered into agreements with third parties, not with Sadler. Accordingly, the Additional Insured Endorsements to the Everest Policy do not apply, and Plaintiff is not entitled to any relief.

3.      To further answer, if necessary, the claims in the Underlying Lawsuit relate to property damages arising out of the rendering, or the failure to render, surveying services. The City claims the defendants installed a fiber optic cable directly beneath a water line which caused Sadler to damage the water line with its drilling equipment. Thus, the Underlying Lawsuit concerns the defendants' failure to survey the area where they installed the fiber optic cable before conducting drilling operations, which caused the alleged damage to the water line. However, the Additional Insured endorsement of the Everest Policy – that Plaintiff contends applies to the Underlying Lawsuit – expressly excludes liability arising out of the rendering of, or the failure to render surveying services. Accordingly, Plaintiff is not entitled to any relief.

4.      To further answer, the Texas Anti-Indemnity Act ("TAIA") renders any alleged indemnity or additional insured requirements between Sadler and Zayo unenforceable.  Plaintiff claims that Sadler owes Zayo defense and indemnity under a Master Subcontract Agreement ("MSA") entered into between Sadler and Henckels & McCoy, Inc., that also required Sadler to named Zayo as an additional insured on the Everest Policy. However, the TAIA renders void any provision in a construction contract that requires an indemnitor to indemnify or defend a party or third party for claims caused by the indemnitee. TEX. INS. CODE § 151.102. The TAIA also renders

void any provision in a construction contract that requires additional insured coverage to the extent it provides coverage for claims caused by the indemnitee. TEX. INS. CODE § 151.104(a). Accordingly, the indemnity and additional insured requirements of the MSA are unenforceable, the additional insured endorsements of the Everest Policy do not apply, and thus Plaintiff is not entitled to any relief.

### III.   PRAYER

5.     Everest prays that Plaintiff take nothing by this suit, that the Court dismiss with prejudice to refiling all of Plaintiff's claims against Everest, that the Court find that Everest owes nothing to Plaintiff or to its insured, Zayo, that the Court award Everest its costs, fees, and expenses, and that the Court award Everest such other and further relief, in law and in equity, to which Everest is justly entitled.

Respectfully submitted,

**WALKER WILCOX MATOUSEK LLP**

By:____*/s/ Stephen O. Venable*_____
         Stephen O. Venable
         State Bar No. 24056471
         Avniel J. Adler
         State Bar No. 24071933
         1001 McKinney Street, Suite 2000
         Houston, Texas 77002
         Telephone: (713) 654-8001
         Fax: (713) 343-6571
         Email:  svenable@walkerwilcox.com
         Email: aadler@walkerwilcox.com

**ATTORNEYS FOR DEFENDANT EVEREST NATIONAL INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of January 2020, a true and correct copy of the above and foregoing document was served by electronic transmission on the following counsel of record.

Wesley Chambers
Ayik & Associates
1301 E. Collins Blvd., Suite 490
Richardson, Texas 75081

Blair Dancy
Cain & Skarnulis, PLLC
400 W. 15th Street, Suite 900
Austin, Texas 78701

By:____*/s/ Stephen O. Venable*_____
       Stephen O. Venable